UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ARENT FOX LLP,

                          Plaintiff,                    09-cv-7008 (PKC)

         -against-

ROBERTA ROUSSEAU,

                  Defendant.

-------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE TO SET ASIDE THE DEFAULT JUDGMENT

Dated: New York, New York
       November 19, 2009

LAWRENCE W. RADER
Attorney for Defendant
225 Broadway, Suite 400
New York, New York 10007
212.791.5200
larry@lawrader.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

ARENT FOX LLP,

    Plaintiff,     09-cv-7008 (PKC)

   -against-

ROBERTA ROUSSEAU,

    Defendant.

-----------------------------------------------------x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE TO SET ASIDE THE DEFAULT JUDGMENT

   Defendant Roberta Rousseau, by her attorney Lawrence W. Rader, Esq., submits this reply memorandum of law in response to Plaintiff's opposition, and in further support of this motion to dismiss this action for lack of subject matter jurisdiction, or in the alternative to set aside the default judgment.

   While it remains Defendant's position that the default judgment should be vacated, Defendant's central argument is that this case must be dismissed because the Court lacks subject matter jurisdiction, because the parties entered into an agreement (drafted by Plaintiff) calling for any dispute to be arbitrated and waiving any right to *de novo* court review.  Moreover, arbitration of the dispute was not only required by the parties' voluntary agreement, but was obligatory under New York State law regulations governing disputes between attorney and client where the parties had entered into such an agreement.  Although it is without dispute that this Court would have

subject matter jurisdiction absent the arbitration agreement (because of diversity), this Court is

nonetheless obliged to dismiss the action and direct the parties to arbitrate.

Defendant has moved for dismissal due to the clear and unambiguous language of the

retainer letter and the New York State arbitration rules.  It is noteworthy that over some thirty pages

of opposition, Plaintiff never addresses the unambiguous law, cited in the moving papers, which

mandates arbitration in this case.  Indeed, Plaintiff doesn't just ignore the law, but it invents new

law, by applying the statutory waiver of a party's right to legal fees arbitration in some cases to the

facts at bar.  This is despite the regulation's clearly defined method to commence the arbitration

where, as here, that has been agreed to in writing by the parties, whether or not the client formally

accepts the offer to arbitrate.  The law on this subject could not be clearer or less ambiguous, and

Plaintiff has simply elected to ignore it.

The court could also dismiss this action by deeming this motion to be a petition under § 4

of the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA") which reads in pertinent part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate
> under a written agreement for arbitration may petition any United States district court
> which, save for such agreement, would have jurisdiction under Title 28, in a civil
> action or in admiralty of the subject matter of a suit arising out of the controversy
> between the parties, for an order directing that such arbitration proceed in the manner
> provided for in such agreement...The court shall hear the parties, and upon being
> satisfied that the making of the agreement for arbitration or the failure to comply
> therewith is not in issue, the court shall make an order directing the parties to
> proceed to arbitration in accordance with the terms of the agreement.

Thus, it may be seen that the matter is not discretionary with the district court; if the court

finds that there was an agreement to arbitrate, it "shall make an order directing the parties to proceed

to arbitration."

In *Vaden v. Discover Bank*, ___U.S.___, 129 S.Ct. 1262 (2009), the Supreme Court said, "[a] federal court may 'look through' a § 4 petition and order arbitration if, save for the arbitration agreement, the court would have jurisdiction over the substantive controversy between the parties." (129 S.Ct. at 1268 (quotation marks and brackets omitted). In that case, the Supreme Court resolved a conflict in the circuits over whether district courts should examine the underlying dispute to determine whether subject matter jurisdiction existed. In so doing, the Court rejected the contrary holding of, *inter alia*, *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 267-269 (2d Cir.1996) in this circuit, and adopted the rule that district courts must make such a threshold determination, and then, if there is a valid agreement to arbitrate, to direct the parties to do so. *See Bittner v. RBC Capital Mkts.*, ___F.3d___, 2009 U.S. App. LEXIS 13156 (2d Cir.June 19, 2009), decided after *Vaden*.

Furthermore, although such a petition is normally brought before litigation is commenced, it is not so limited: "A party often files a § 4 petition to compel arbitration precisely because it does not want to bring suit and litigate in court. Sometimes, however, a § 4 petition is filed after litigation has commenced. The party seeking to compel arbitration in such cases is typically the defendant, who claims to be aggrieved by the Plaintiff's attempt to litigate rather than arbitrate." 129 S.Ct. at 1274 n. 13. This is precisely the case here.

In effect, then, the parties' arbitration agreement, and the regulations under which it was made, are sufficient to oust this Court of subject matter jurisdiction, notwithstanding the existence of diversity. "An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974). Absent some

showing that the arbitration agreement is unenforceable, this Court is obliged to respect the parties'
forum selection clause. This should be particularly so where, as here, there are questions of New
York public policy concerning the relations between attorney and client.

The judgment is thus void, and the Defendant's motion to vacate the default judgment and
dismiss the action should be granted or, in the alternative, deemed a petition under § 4, which should
be granted. Alternatively, this Court should vacate the default judgment, and stay any further
proceedings pursuant to § 3 of the FAA, until the parties conduct the arbitration proceedings which
they have agreed to do. That section says that a stay is mandatory:

> If any suit or proceeding be brought in any of the courts of the United States upon
> any issue referable to arbitration under an agreement in writing for such arbitration,
> the court in which such suit is pending, upon being satisfied that the issue involved
> in such suit or proceeding is referable to arbitration under such an agreement, shall
> on application of one of the parties stay the trial of the action until such arbitration
> has been had in accordance with the terms of the agreement, providing the applicant
> for the stay is not in default in proceeding with such arbitration.

Doubtless Plaintiff would respond that Defendant was in default in proceeding, but as
established in the moving papers, the obligation to proceed with arbitration was solely the obligation
of the Plaintiff, who was obliged to commence arbitration on its own as its sole and exclusive
remedy. Plaintiff was not "forced to obtain a default judgment" (Def. Mem. at 15), a ludicrous
assertion on its face. Rather, it chose to ignore Defendant's counsel's request for an extension of
time, and now ignores this Court strong suggestion that it give up that judgment and prosecute this
case on the merits. As mentioned above, Defendant has waived nothing; the "waiver" argument has
been created out of whole cloth by Plaintiff in its continuing vigor to avoid having the issue of
whether it earned the exorbitant legal fees it billed decided on the merits.

Accordingly, the judgment should be vacated, and this action dismissed, or, in the alternative stayed after vacatur of the judgment with the parties directed to proceed to arbitrate in accordance with their agreement.  The Court could then retain jurisdiction for the sole purpose of entering a judgment based upon any award or lack thereof, as the parties have agreed.


## POINT II

### DEFENDANT HAS STATED SUFFICIENT REASONS TO VACATE THE DEFAULT JUDGMENT, AND NO BOND SHOULD BE REQUIRED AS A CONDITION.

Plaintiff argues that Defendant has failed to explain her failure to answer the complaint, that she has no defense to its exorbitant bills (submitted now instead of at the time of seeking the judgment, as required), and that, adding insult to injury, although she is supposedly a rich woman who lives in a gated community, she should be obliged to bond the entire judgment because otherwise she would be unable to pay it.

As Defendant's counsel stated in his moving declaration, he received the summons and complaint in this action from Defendant within days of their being served on Defendant, he called the Plaintiff to ask for an extension of time to respond, his call was not answered, and Plaintiff sought the default judgment a few days after the answer was due.  This is not a willful default, but is a direct consequence of Plaintiff's refusal to grant a normal courtesy to opposing counsel. Plaintiff may have had the right to seek the default judgment, even one day after it was due, but that does not make Defendant into a willful defaulter, particularly where, as here, Plaintiff herself sent the Summons and Complaint to her attorney within a few days after being served with it[1].

---

[1] Defendant's Attorney's moving Declaration contains the affirmative statement that Ms. Rousseau sent him the Summons and Complaint within days of receiving it, and that alone

As for Mr. Kaplan's denial of any communication with Defendant's counsel (Kaplan decl. at 4), his recounting of overhearing Mr. Wynn speaking with Mr. Rader, with the latter allegedly failing to present every ground for a motion to vacate in that telephone call, does not matter in the slightest.  It was surely reasonable for Defendant's counsel to expect that his request for an extension of time to a colleague would be granted for the asking.  This Court made it amply clear in its order staying enforcement of the judgment that it expected the parties to resolve this motion on its own by Plaintiff consenting to Defendant's responding to the complaint.  It is not the Defendant who has refused to do so, and it is not the Defendant who has submitted a 23-page memorandum in opposition on the simple issue of Defendant's strongly favored right to litigate this dispute on the merits.

Finally, Plaintiff is not entitled to require the posting of a bond as a condition.  While the matter is discretionary with the Court, there are no grounds for the exercise of that discretion here.  If Plaintiff truly believes it will be unable to collect on its judgment, then it should move for an order of attachment on notice.  It was Plaintiff who chose to represent a Florida Defendant in the first place, with the attendant risk of dealing with a non-resident client.  If it felt that its charges were at risk, it had ample opportunity to require advance payments, or could have sought to withdraw immediately once its retainer was exhausted.  (Indeed, one is left to wonder, considering what Plaintiff contends in its opposing papers, why Plaintiff did allow its bill to climb to approximately ten times the amount of its initial retainer without withdrawing sooner.)  Enough has been

---

should be sufficient to establish that Defendant was not a wilful defaulter.  However, to remove any shadow of a doubt over the truth of Defendant's Attorney's statement, attached hereto as Exhibit A is a copy of the fax dated September 1, 2009, from Ms. Rousseau to me whereby she sent me the Summons and Complaint which had been served on her two days prior.

demonstrated to suggest the strong possibility that Plaintiff has overreached; they are not entitled to require the Defendant to post the absurd sum they are seeking.

## POINT III

## COUNSEL FEE DISPUTES ARE NOT ORDINARY COMMERCIAL TRANSACTIONS

Plaintiff should be reminded that "attorney-client fee agreements are a matter of special concern to the courts and are enforceable and affected by lofty principles different from those applicable to commonplace commercial contracts." *In re Cooperman*, 83 N.Y.2d 465, 472 (1994). There are many example of such concern in the cases. For example, nonrefundable fee arrangements are unenforceable, and can subject an attorney to discipline, *id.* As was argued in the motion, a provision requiring a client to pay a law firm's attorney's fees in the event of suit is unenforceable, *Ween v. Dow*, 35 A.D.3d 58; 822 N.Y.S.2d 257 (1st Dept.2006). Moreover, an attorney who fails to provide a written retainer agreement is barred from any recovery whatsoever, whether by contract or in quantum meruit. *Klein Calderoni & Santucci, LLP v Bazerjian*, 6 Misc.3d 1032A, 800 N.Y.S.2d 348 A; *Feder, Goldstein, Tanenbaum & D'Errico v Ronan*, 195 Misc. 2d 704, 707, 761 N.Y.S.2d 463.

An attorney who, as here, charges interest on the unpaid balance, is limited to a "fair and reasonable" rate, *Ween, supra*, 35 A.D.3d at 64, 822 N.Y.S.2d at 264. Citing *Ween,* an interest rate of 16% per annum was held to be excessive in *Kutner v. Antonacci*, 16 Misc.3d 585, 837 N.Y.S.2d 859 (Dist.Ct.NassauCo.2007), which held that 9%, the statutory rate on New York judgments, was fair and reasonable. Plaintiff's retainer agreement charges 1% per month (Kaplan Decl., Exh. A at 6), and thus is excessive to the extent that 12% exceeds 9%. The ultimate consequences of these

violations of law in Plaintiff's retainer agreement are subjects for the arbitration, but it cannot be said now that they have no merit as defenses.

## CONCLUSION

Plaintiff's papers are marred by an unseemly and hostile tone (describing Defendant as "not reputable", Def. Mem. at 22), the disclosure of obviously confidential information about its former client, and an inappropriate overreaching position. They have failed to explain why they failed to commence an arbitration on their own, as they had both the right and the obligation to do. The default judgment should be vacated, and the action either dismissed, with the parties directed to arbitrate, or else stayed pending the arbitration.

Dated: New York, New York
      November 20, 2009

*Lawrence W. Rader*

LAWRENCE W. RADER
Attorney for Defendant
225 Broadway, Suite 400
New York, New York 10007
212.791.5200
larry@lawrader.com

-8-